UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WILLIAM HENNESSY, by and through his
guardian, JOSEPHINE HENNESSY,

                        Plaintiff,

        -against-

PONYBOY BAR LLC and 632
MANHATTAN AVE LLC,

                        Defendants.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cv-779 (CBA) (RLM)

**AMON, United States District Judge:**

On February 11, 2022, William Hennessy ("Plaintiff"), by and through his guardian Josephine Hennessy, commenced this action against Ponyboy Bar LLC and 632 Manhattan Ave LLC ("Defendants").[1] (See Docket Entry ("D.E.") # 1 ("Compl.").) Defendants operate a restaurant at 632 Manhattan Avenue, Brooklyn, New York 11249. (See id. ¶¶ 1-9; D.E. # 20 ("Jan. 3, 2023 Hr'g Tr.") 7:2-8.) Plaintiff, approximately thirty-six years old, (see D.E. # 11 ("Oct. 25, 2022 Let.") 2), was born with cerebral palsy with spastic quadriplegia and is wheelchair-bound and nonverbal, (see D.E. # 16 (Dec. 2, 2022 Let.); Compl. ¶ 6). Plaintiff alleges that Defendants discriminated against him on the basis of his disability by failing to make their restaurant accessible to individuals in wheelchairs, thereby violating federal, state, and city statutes. (Compl. ¶¶ 1-2; ¶¶ 30-45 (Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.); ¶¶ 46-55, 70-72 (New York State Human Rights Law, N.Y. Exec. Law § 296); ¶¶ 56-69 (New York City Human Rights Law, N.Y.C. Admin. Code § 8-107).)

---

[1] Plaintiff is a serial plaintiff who has filed numerous nearly identical lawsuits in the Eastern District of New York. See, e.g., Hennessy v. 99 Franklin Bar LLC (No. 22-cv-1771); Hennessy v. AAGJ, Inc. (No. 21-cv-4291); Hennessy v. Brooklyn Coffee Roasting Inc. (No. 21-cv-2609).

Although Defendants have failed to appear in this case, Defendants' counsel reached out to Plaintiff's counsel in June of 2022. (Oct. 25, 2022 Let. 1.) The parties thereafter reached a settlement agreement, which has since been "fully executed" and "fully performed." (Id.; D.E. # 13 ("Settlement Agreement").) The Settlement Agreement requires Defendants to (i) maintain a portable ramp with a buzzer at the main entrance, (ii) maintain, during hours of operation, at least one table for interior dining and one table for exterior dining that are compliant with the Americans with Disabilities Act, (iii) maintain a license for disabled patrons to use an accessible bathroom of a neighboring facility, and (iv) pay Plaintiff a monetary amount of $6,000, all of which will go to Plaintiff's counsel. (Settlement Agreement §§ 1-2.)

On June 30, 2022, pursuant to the terms of the Settlement Agreement, Plaintiff filed a notice of voluntary dismissal. (D.E. # 10.) On the same day, I referred this matter to the Honorable Roanne L. Mann, United States Magistrate Judge, to conduct a hearing as required by Local Civil Rule 83.2. (Docket Order dated June 30, 2022.) Rule 83.2 provides:

> An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.

(Local Civil Rule 83.2(a)(1).)

On January 3, 2023, Magistrate Judge Mann held a compromise hearing via videoconferencing, in which she questioned both Plaintiff's counsel and Josephine Hennessy regarding (i) the validity of the $6,000 settlement funds and the distribution of that amount between the Plaintiff and counsel (see Jan. 3, 2023 Hr'g Tr. 3:16-6:23), (ii) their understanding with respect to the scope of the Settlement Agreement (id. 6:24-9:11, 14:8-25), and (iii) Defendants' current compliance with the terms of the Settlement Agreement (id. 15:1-16:2). Following the

compromise hearing, Magistrate Judge Mann issued a report and recommendation ("R&R") in a minute entry, recommending that the parties' Settlement Agreement be approved. (D.E. # 18.) Specifically, Magistrate Judge Mann found:

> [T]he settlement is fair and reasonable and was reached as a result of arms-length negotiations between the parties. Plaintiff's guardian, Josephine Hennessy, confirms that she and her son are satisfied with the injunctive relief provided for in the settlement agreement, in lieu of receiving monetary compensation. Plaintiff's counsel confirmed that remediations in order to provide access to the entrance and dining tables have been completed.

(Id.) Magistrate Judge Mann also found that "the presumption of public access to court documents has not been overcome" and ordered the Settlement Agreement and related filings to be unsealed. (Id.) The parties were given a shortened time frame—six days—to file any objections. (Id.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. Therefore, Plaintiff's Motion for Approval of Infant Compromise (D.E. # 11) is GRANTED. This opinion resolves D.E. ## 10, 11, and 18. The Clerk of Court is directed to close this case and to unseal D.E. ## 13 and 15.

SO ORDERED.

Dated: February 23, 2023
Brooklyn, New York

Carol Bagley Amon
United States District Judge